IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-MJ-1352-JG-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| MARIO DEVONNE JONES, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an officer with the Fuquay-Varina Police Department. Defendant presented the testimony of the proposed third-party custodian, defendant's grandmother, as well as a proffer focused on defendant's family ties to the Fuquay-Varina area. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 17 May 2011 with conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base (*i.e.*, crack) beginning in or about 2006 and continuing to and including November

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

2010, in violation of 21 U.S.C. §846 (and § 841). The evidence presented at the hearing shows that the charges arise from a series of drug-trafficking activities during the alleged offense period, which are also discussed in the affidavit supporting the complaint. In addition, the government's witness testified to a July 2008 gang-related shooting at the home of his grandparents, which has served as defendant's home for much of his life. Defendant's grandmother, the proposed third-party custodian, was at the birthday of her pastor's wife during the shooting. One occupant of the home was hit with rifle fire and defendant admitted to shooting toward a car that had been driven by members of the opposing gang, although his shots hit the car of a neighbor.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above, which is based on statements from three confidential informants who were involved in drug trafficking with defendant and direct contact by law enforcement with defendant which, in some instances resulted in conviction for state offenses; the drug-related nature of the offense charged; the circumstances of the offense charged, including the duration of the alleged conspiracy, the quantity of drugs involved, and defendant's participation in much of the alleged conspiracy while on state probation (from November 2008 to the present); defendant's criminal record, including one felony drug conviction, eight misdemeanor convictions (two for assault on a government official), two probation revocations, two formal probation violations, and commission of his felony and one misdemeanor assault while on probation; the unsuitability of the proposed

third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, the location of the proposed custodial home in the area in which defendant engages in drug trafficking, and defendant's participation in a gang-related shooting incident at the home; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Specifically, the fact that defendant is a lifelong resident of the Fuquay-Varina area and has numerous relatives in the area offsets neither the risk of danger or of flight that he presents.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24th day of May 2011.

James E. Gates
United States Magistrate Judge